**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **DAVID M.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 2:25-cv-00129-KFW** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner of** | ) | |
| **Social Security,** | ) | |
| | ) | |
| **Defendant** | ) | |

**MEMORANDUM DECISION**[1]

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) erred by failing to (1) properly evaluate the opinion evidence and the Plaintiff's own testimony and (2) resolve an apparent conflict between the vocational expert's (VE's) testimony and the Dictionary of Occupational Titles (DOT). *See* Plaintiff's Brief (ECF No. 11). I discern no harmful error and affirm the Commissioner's decision.

**I. Background**

The Plaintiff filed claims for benefits in December 2020. *See* Record at 128. After his claims were denied at the initial and reconsideration levels of review, the Plaintiff requested a hearing before an ALJ. *See id.* A hearing was held in November 2022, following which the ALJ issued an unfavorable decision. *See id.*

[1] The parties have consented to me presiding over all proceedings in this action including the entry of judgment. *See* ECF No. 7.

at 128-44. Thereafter, the Appeals Council remanded the matter to the ALJ to give further consideration to the Plaintiff's headache disorder and maximum residual functional capacity (RFC). *See id.* at 151-53.

The ALJ held another hearing in April 2024, following which she issued a decision finding that the Plaintiff suffered from the severe impairments of depression, anxiety, and posttraumatic stress disorder (PTSD) and the nonsevere medically determinable impairments of migraines, opioid use disorder, and gastroesophageal reflux disease (GERD). *See id.* at 17, 20. Considering those impairments, the ALJ found that the Plaintiff had the RFC to perform a full range of work at all exertional levels except that he could understand and remember simple instructions; could perform simple repetitive tasks; could not work with the public but could tolerate incidental contact such as issuing greetings or providing directions; could not perform tandem work; could have occasional interaction with supervisors; and could adapt to routine changes in the work setting. *See id.* at 22. The ALJ found that the Plaintiff could not perform his past relevant work with this RFC but that he could perform other work existing in significant numbers in the national economy and was, therefore, not disabled. *See id.* at 27-29. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial

evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

### A. Expert Opinions

The Plaintiff argues that the ALJ failed to evaluate adequately the opinions of consultative examiner Ira Stockwell, D.O.[2]; nonexamining agency experts Melanie Thompson, M.D., Elaine Hom, M.D., Brian Stahl, Ph.D., and Ryan Haggarty, Ph.D.; and treating providers Emily Morris, PMHNP, and Catherine Oransky, LMSW-CC. *See* Plaintiff's Brief at 12-17. He contends that the ALJ failed to meaningfully address the supportability and consistency of these experts' opinions and ignored various favorable pieces of evidence by not addressing them specifically. *See id.*

[2] The Plaintiff faults the ALJ for not specifically addressing Dr. Stockwell's statement, after what was primarily a physical evaluation, that the Plaintiff's impairments were primarily psychological in nature. *See* Plaintiff's Brief at 13 (citing Record at 606). I agree with the Commissioner, *see* Commissioner's Brief (ECF No. 13) at 5, that Dr. Stockwell's statement was not a medical opinion that the ALJ was required to address, *see* 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2) (defining a medical opinion as "a statement from a medical source about what [the claimant] can still do despite [his] impairment(s)").

Contrary to the Plaintiff's arguments, the ALJ's decision, when read as a whole "demonstrates her consideration of the evidence bearing on the consistency and supportability of the various medical opinions and leaves little doubt as to her reasons for assigning the weight she did to those opinions." *Erika L. v. Dudek*, No. 2:24-cv-00137-SDN, 2025 WL 842273, at *2-3 (D. Me. Mar. 18, 2025) (rec. dec.) (holding, in similar circumstances, that there was no reason to remand a case for "purely formulaic purpose" of having the ALJ provide a longer written analysis of "what seems plain on a review of her decision" (cleaned up)), *aff'd*, 2025 WL 1180206 (D. Me. Apr. 23, 2025). The ALJ was not obligated to—and, indeed, could not feasibly—discuss every piece of evidence or every aspect of each medical opinion. *See Tassel v. Astrue*, 882 F. Supp. 2d 143, 148 (D. Me. 2012) ("[A]n [ALJ] is not required to address specifically every piece of medical evidence that accords with or is inconsistent with his or her conclusions."). Ultimately, these arguments are just improper requests to reweigh the evidence. *See Justin P. v. O'Malley*, No. 2:23-cv-00053-LEW, 2024 WL 413351, at *2 (D. Me. Feb. 5, 2024) (rec. dec.) ("As this Court has stated over and over again, the mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." (cleaned up)), *aff'd*, 2024 WL 1281554 (D. Me. Mar. 26, 2024).

The Plaintiff also criticizes the ALJ for finding the opinions of Drs. Stahl and Haggarty persuasive despite the fact they did not have the opportunity to review later-submitted evidence. *See* Plaintiff's Brief at 14-15. To the extent that the Plaintiff argues the ALJ was not competent to consider the materiality of this

later-submitted evidence, *see id.*, that argument is wrong, *see Jimmy D. v. Dudek*, No. 1:24-cv-00331-KFW, 2025 WL 1135604, at *2 (D. Me. Apr. 17, 2025) ("This district has long recognized that an ALJ is perfectly competent to judge whether later submitted evidence is material to opinion evidence pertaining to a claimant's RFC." (cleaned up)). And he fails to explain cogently how the later-submitted evidence, which shows waxing and waning of the same general psychological symptoms considered by Drs. Stahl and Haggarty, calls into question the ALJ's reliance on their opinions. *See id.* ("[T]he Plaintiff has not demonstrated a reasonable probability that the outcome would be different upon remand because he neglects to explain how the later-submitted evidence reflects a material change that calls into question [the agency nonexamining experts'] opinions regarding his RFC limitations." (cleaned up)).

Additionally, the Plaintiff contends, *see* Plaintiff's Brief at 17, that the ALJ mischaracterized Dr. Haggarty as having affirmed Dr. Stahl's earlier opinion when in fact, Dr. Stahl opined that the Plaintiff could not work with the public, *see* Record at 113, while Dr. Haggarty opined that his contact with the public should be minimal, *see id.* at 122. I agree with the Commissioner that this is a distinction without a difference, *see* Commissioner's Brief at 12-13, particularly where the ALJ found, consistent with both Drs. Stahl's and Haggarty's opinions, that the Plaintiff could not work with the public but could tolerate incidental—i.e., minimal—contact, *see* Record at 22. And in any event, even if the ALJ did err on this point, the Plaintiff fails to explain how any error was prejudicial. *See* Plaintiff's Brief at 17.

**B. The Plaintiff's Testimony**

The Plaintiff further argues that the ALJ failed to evaluate properly his own testimony. *See* Plaintiff's Brief at 18-21. Once again, most of the Plaintiff's arguments on this point amount to unavailing attempts to (1) fault the ALJ for not specifically addressing every piece of evidence and (2) point to evidence that might have supported a different conclusion.

He also faults the brevity of the one paragraph in which the ALJ addressed his migraine headaches in accordance SSR 19-4p, but he does not meaningfully engage with the ALJ's analysis or cite any authority suggesting that the ALJ was obligated to give a longer explanation. *See* Plaintiff's Brief at 18. He faults the ALJ for not specifically addressing a third-party function form filled out by his mother, *see* Plaintiff's Brief at 19, but the ALJ was not obligated to do so, *see Hersey v. Colvin*, No. 16-cv-068-JL, 2016 WL 6476956, at *3 n.10 (D.N.H. Nov. 2, 2016) ("[T]he ALJ is not obligated to explain the weight given to third-party observations, and thus did not err by failing to do so."). He argues that the ALJ ignored his testimony about the side effects of his medications, *see* Plaintiff's Brief at 20, but the ALJ did consider side effects, *see* Record at 23. And he accuses the ALJ of discounting his subjective testimony "solely because [it was] unsubstantiated by objective medical evidence, *see* Plaintiff's Brief at 20 (quoting *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014)), but disregards the ALJ's discussion of other evidence, including his reported activities, *see* Record at 23-26.

### C. Vocational Testimony

The Plaintiff lastly argues the ALJ erred by failing to resolve an apparent conflict in the VE's testimony about the job of industrial cleaner, which the ALJ relied upon in finding the Plaintiff not disabled at Step 5. *See* Plaintiff's Brief at 21-22. In particular, the Plaintiff argues, *see id.*, that the ALJ incorrectly found that the VE's testimony was consistent with the DOT, *see* Record at 29, when, in fact, the VE testified that the job of industrial cleaner did not entail tandem work, *see* Record at 66, but the DOT, by the Plaintiff's reading, indicates that some interaction with coworkers may be required, *see* Plaintiff's Brief at 22 (citing DOT § 381.687-018 (4th ed., rev. 1991)). He also points out that part of the VE's testimony on this point was inaudible to the transcriber. *See id.* at 22 (citing Record at 66).

I conclude that any error the ALJ may have committed in finding the VE's testimony consistent with the DOT was harmless where the VE explained the basis for his testimony and reaffirmed that the job of industrial cleaner would still be available to someone, like the Plaintiff, who could not perform tandem work. *See* Record at 66; SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000) ("When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence . . . ."). Although part of the VE's explanation was inaudible to the transcriptionist, the Plaintiff and his counsel were both present at the hearing and could have asked for clarification if they needed it. Along those same lines, to the extent the Plaintiff argues that the limitation to tandem work would erode the

number of industrial cleaner jobs the VE testified were available in the national economy, he waived that argument by failing to raise it with the VE. *See* Record at 67 (reflecting that the Plaintiff's counsel declined to ask any questions of the VE); *Randa J. B. v. Saul*, No. 1:19-cv-00543-JDL, 2020 WL 6110967, at *5 (D. Me. Oct. 16, 2020) (rec. dec.) ("There is an expectation that counsel will explore concerns with the VE at the hearing, not leave such matters to technical challenges before the court." (cleaned up)), *aff'd*, 2020 WL 7753683 (D. Me. Dec. 29, 2020), *aff'd sub nom. Boyer v. Kijakazi*, No. 21-1025, 2022 WL 2659010 (1st Cir. June 14, 2022).[3]

## IV. Conclusion

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**.

Dated: September 28, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge

[3] The Plaintiff also argues briefly that the ALJ failed to follow the Appeals Council's remand instructions. *See* Plaintiff's Brief at 14-15, 19, 21. The Appeals Council directed the ALJ to give further consider the Plaintiff's migraines pursuant to SSR 19-4p, further consider his RFC and provide appropriate rationale with specific reference to the evidence of record in support of the assessed limitations, and, if necessary, obtain supplemental VE evidence. *See* Record at 152. Contrary to the Plaintiff's argument, the ALJ's decision demonstrates that she did all those things.